# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 2:09-cr-0246-RLH-RJJ |
| vs. ) | **O R D E R** |
| ) | (Motion to Reduce Sentence–#38) |
| EFREN SELEDON-LOPEZ, ) | |
| Defendant. ) | |

Before the Court is Defendant's **Motion to Reduce Sentence Pursuant to 18 U.S.C. §3553(a)(6)** (#38, filed March 7, 2012). The Government's Response (#40) was filed May 4, 2012. No reply was filed.

Defendant's Motion contends that this Court failed to consider him for a "Fast-Track" departure, creating a disparity between him and "similarly situated" first-time illegal reentry convicted defendants in other Districts, in violation of §3553(a)(6).

## BACKGROUND

The Defendant was indicted on June 10, 2009, for being a Deported Alien Found Unlawfully in the United States. After several continuances, Defendant plead guilty without a plea agreement on October 1, 2009. Defendant and the Government filed sentencing memoranda. On January 8, 2010, Defendant was sentenced to 86 months incarceration, followed by three years supervised release.

/ / /

Defendant appealed his sentence. On August 17, 2010, the Ninth Circuit Court of Appeals granted a summary affirmance of this Courts judgment. Now, nineteen months after that affirmance, Defendant brings the present motion. The Motion will be denied for the following reasons:

## 18 U.S.C. §3553(a)(6) DOES NOT AUTHORIZE SENTENCE REDUCTION

Section 3553(a)(6) is a guide for the trial court in imposing a sentence after conviction of a federal criminal offense. It does not permit a sentencing court to revisit or re-sentence a defendant once sentenced is imposed and affirmed on appeal.

The Court has very limited authority to reduce a sentence and this case does not fall within that authority. *See* 18 U.S.C. §3582(c)(2) (allows sentence reduction of applicable Guidelines range is subsequently lowered by amendment); 18 U.S.C. 3582(c)(1)(A) (permits reduction under certain specified situations, none of which are present here); Fed. R. Crim. P. 35(b)(1) (Court may reduce sentence within one year of sentencing for subsequent substantial assistance in an investigation or prosecution); and Rule 35(a) (Court "within 7 days after sentencing, may correct sentence that resulted from arithmetical, technical, or other clear error").

## FAST-TRACK POLICY DOES NOT CREATE SUBSTANTIVE RIGHTS

The Department of Justice's Fast-Track Policy, which took effect in Nevada on March 1, 2012, did not create any substantive or procedural rights for Defendant. As explained in *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000), "[i]t is clear that the USAM [United States Attorney's Manual] does not create any substantive or procedural rights. . . . The USAM explicitly states that

> The Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or proce-dural, enforceable at law by any party in any manner civil or criminal.

///

///

2

DEFENDANT DOES NOT QUALIFY FOR FAST-TRACK CONSIDERATION

Defendant's criminal history disqualifies him from being considered for the Fast-Track program. He was convicted of drug trafficking on four separate occasions between 1996 and 2008. These offenses occurred before and after he had been removed to Mexico on March 15, 1999, and March 3, 2007. He was sentenced to 11 years in prison for those convictions. He was also arrested in Las Vegas in 1997 for trafficking in heroin, but the charges were not pursued because he was on probation in California, which was revoked. That criminal history makes Defendant ineligible for the Fast-Track Policy in the district of Nevada.

IT IS THEREFORE ORDERED that Defendant's **Motion to Reduce Sentence Pursuant to 18 U.S.C. §3553(a)(6)** (#38) is DENIED.

Dated May 15, 2012.

_____
**Roger L. Hunt
United States District Judge**